**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**NURIDDIN TOSHBOLTAEV,**          CASE NO. 4:26 CV 222

    Petitioner,

    v.                                                          JUDGE JAMES R. KNEPP II

**ICE,**

    Respondent.                                    **ORDER OF DISMISSAL**

On January 28, 2026, *pro se* petitioner Nuriddin Toshboltaev filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time of filing, Petitioner failed to pay the filing fee or submit a complete and proper application to proceed *in forma pauperis*. On February 27, 2026, the Court ordered Petitioner to pay the filing fee of $5.00 or file a proper application within 30 days of the Order. (Doc. 5) ("Deficiency Order"). The Court's Order included a form *in forma pauperis* application with instructions for filing. The Deficiency Order expressly cautioned Petitioner that failure to comply may result in dismissal of the action without further notice. *Id.* The Deficiency Order was mailed to Petitioner's address of record. However, on March 10, 2026, and again on March 17, 2026, the mailing was returned stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." *See* Docs. 6, 7.

*Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The latitude afforded *pro se* litigants, however, does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (stating Rule 41(b) dismissal is appropriate when a *pro se* plaintiff

fails to comply with "readily comprehended court deadlines of which he was well-aware"); *see also Needham v. Butler Cnty. Jail*, 2019 WL 5899326, at \*4 (S.D. Ohio) (cautioning plaintiff that his "*pro se* status and professed health conditions do not relieve him of his obligation to fully comply with" court orders and rules of civil procedure), *report and recommendation adopted*, 2019 WL 6682155.

Therefore, where a *pro se* petitioner fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order could result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution because the petitioner failed to comply with a deficiency order).

Moreover, Petitioner has an affirmative duty to advise the court of any change of address. *Barber v. Runyon*, 1994 WL 163765, at \*1 (6th Cir.) ("If [*pro se* plaintiff's] address changed, [he] had an affirmative duty to supply the court with notice of any and all changes in [his] address."); *Washington v. Ohio*, 2024 WL 4664709, at \*2 (N.D. Ohio) ("*Pro se* litigants have the same obligation as an attorney to notify the court of a change of address."). And by "failing to keep the Court apprised of his current address, [a *pro se* litigant] demonstrates a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, 2010 WL 717275, at \*1 (S.D. Ohio) (citing, *inter*

*alia*, *Barber*, 1994 WL 163765); *see also Mann v. Heartland Behav. Healthcare*, 2025 WL 3693586, at *1 (N.D. Ohio) (noting that "petitioner has an affirmative duty to notify the Court of any change in his address and his failure to do so further justifies dismissal"), *report and recommendation adopted* 2026 WL 49926.

Here, the Court notified Petitioner of the filing fee deficiency, provided specific instructions to cure the deficiency, attached a blank application to proceed *in forma pauperis*, granted Petitioner 30 days to correct the deficiency, and warned that failure to comply could result in dismissal of this action without further notice. A copy of the Deficiency Order was mailed to Petitioner at his address of record. Although the docket indicates the mailing was returned as undeliverable, Petitioner's failure to provide the Court with an updated address, itself, constitutes a failure to prosecute. Petitioner's failure to fulfill such an important yet basic task indicates a disregard for the proceedings Petitioner initiated. More than 30 days have passed. To date, Petitioner has not addressed the filing fee deficiency, sought an extension of time to do so, or provided the Court with any explanation as to why he could not comply. Nor has Petitioner provided the Court with an updated address.

Accordingly, the Court dismisses the action without prejudice for failure to prosecute. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming the district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2026